

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00091-CV
_____

JESUS CHRIST OPEN ALTAR CHURCH, LLC, Appellant

V.

CITY OF HAWKINS, ALVIN FLYNN, DONNA JORDAN,
MIKE MAYBERRY, TOM PARKER, HOWARD COQUAT,
WAYNE KIRKPATRICK, NORMAN OGLESBY, CODY JORGENSON,
STEPHEN LUCAS, MATTHEW TODD EDDINGTON, AND CLARA KAY, Appellees

_____

On Appeal from the 402nd District Court
Wood County, Texas
Trial Court No. 2021-300

_____

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens
Concurring Opinion by Justice Rambin

# MEMORANDUM OPINION

Jesus Christ Open Altar Church, LLC (the Church), appeals the trial court's take-nothing judgment in its lawsuit against the City of Hawkins, City Attorney Alvin Flynn, City Secretary Donna Jordan, Public Utilities Director Mike Mayberry, Mayor Tom Parker, Howard Coquat, Wayne Kirkpatrick, Norman Oglesby, Cody Jorgenson, Stephen Lucas, Matthew Todd Eddington, and Clara Kay. Because the arguments raised on appeal by the Church either raise unpled issues or are inadequately briefed, we affirm the trial court's judgment.

## I.    Background

As a result of a prior lawsuit, the 402nd Judicial District Court of Wood County, Texas, entered a final judgment declaring that the City held an easement on the Church's property described as an undeveloped portion of "Ash St. lying south of Old U.S. Highway 80 (currently Blackbourn St.)." The Church appealed that ruling, arguing that the trial court erred by determining that the City retained an easement on Church property. *See Jesus Christ Open Altar Church, LLC v. City of Hawkins*, No. 12-17-00090-CV, 2017 WL 6523088, at *1 (Tex. App.—Tyler Dec. 21, 2017, no pet.) (mem. op.). In 2017, the Tyler Court of Appeals affirmed the trial court's finding. *See id.* at *5. The Church did not seek review of that decision with the Texas Supreme Court. After our sister court's ruling was issued, the City began contemplating improvements on Ash Street, including the construction of a "two-lane concrete road."

In 2021, the Church sued Appellees. Its live pleading included a cause of action for violating the Texas Open Meetings Act (TOMA) since a "July 9, 2018[,] closed meeting led to a decision to close Blackbourn Street, and to remove the Jesus sign causing damage to Church

2

property." *See* TEX. GOV'T CODE ANN. § 551.002. The Church also asserted causes of action for: (1) violation of the Texas Public Information Act (TPIA) because Appellees failed to respond to the Church's requests for public records, *see* TEX. GOV'T CODE ANN. § 552.001; (2) unlawful seizure of Church property that violated freedom of worship and religious service protections, *see* TEX. CONST. art. I, §§ 6, 6-a, 9; (3) violation of Section 311.008 of the Texas Transportation Code; and (4) breach of fiduciary duty. In response, the Appellees alleged that the Church's suit was barred by governmental immunity.[1] Accordingly, Appellees filed a plea to the jurisdiction and both a no-evidence and traditional motion for summary judgment as to each cause of action.

In support of its summary judgment motion on the Church's TOMA claim, the Appellees showed that a special city council meeting was held on July 9, 2018, after Jordan posted the notice of the meeting "on July 6, 2018, at 3:20 p.m., on the City of Hawkins Bulletin Board at the front of the building and on the glass back door of the City Hall, facing the outside." Appellees provided evidence attached to Jordan's affidavit confirming those facts and showing that the July 9 meeting was an open meeting, not a closed session. The evidence also shows that the minutes memorialized the City Council's unanimous vote to approve the road. Appellees also showed that, on May 20, 2019, the City Council reviewed submitted bids and voted to award the Ash Street improvement contract, which was engineered by KSA Engineers, to Construction Companies Group, LLC. Notice of those meetings, and the meeting minutes were

---

[1]Although Eddington did not join in filing his answer to the lawsuit along with the other Appellees, he established that he was never a City employee, agent, or elected official, had never been a city council member, and did not owe any duties to the Church. As a result, the trial court granted Eddington's motion for summary judgment against the Church, and the Church does not appeal any ruling as to Eddington. The term "Appellees" as used in this opinion, does not include Eddington.

also attached as summary judgment evidence. As a result, Appellees argued that the Church had no evidence to support their TOMA cause of action because there were no closed or secret sessions.

As for the TPIA claim, Appellees asserted that they responded to the ten requests sent by the Church and "produced [to the Church] every responsive document that it found or received" and that the Church's claim was moot. They also argued that the Church had no evidence that Appellees either failed to respond to the Church's requests or refused to supply public information.

Next, Appellees argued that they did not unlawfully seize any Church property. They argued that, in preparation for the construction of the new road, the City removed impediments, including the electric pole and the Church's sign, and that the Church had refused to pick up the sign, which was still available. Appellees argued that the Church had no evidence that the City did not own the easement over the Property or that any Church property was removed illegally.

As for the Church's allegation that Appellees violated Section 311.008 of the Texas Transportation Code, Appellees noted that that section only requires "a petition signed by all the owners of real property abutting the street or alley" if a city has chosen to "vacate, abandon, or close a street," and that no street was vacated, abandoned, or closed. TEX. TRANSP. CODE ANN. § 311.008. Appellees attached Mayberry's affidavit and an affidavit from Walter F. Hicks, III, a professional engineer for KSA Engineers, stating that Blackbourn Street had not been closed at any time. Lastly, Appellees argued there was no evidence of a waiver of governmental immunity for the Church's breach of fiduciary duty claim.

4

The trial court granted the Appellees' and Eddington's motion for summary judgment and Appellees' plea to the jurisdiction.

## II.     The Church's Arguments Either Raise Unpled Issues or Are Inadequately Briefed

We first note that, in its brief, the Church agrees that the Texas "Tort Claims Act releases the individual defendants from the lawsuit and that they must be dismissed."  Even so, the Church argues that the City is liable for compensation and damages caused by its agents, employees, and officers.  Yet, the Church presents no cogent argument regarding either the plea to the jurisdiction or the summary judgment.  As a result, Appellees argue that the Church has waived all issues on appeal.  We agree.

In the summary of argument section, the Church argues that Chapter 216 of the Texas Local Government Code, concerning the regulation of signs by municipalities, prevented the City from removing the sign without compensation.  *See* TEX. LOC. GOV'T CODE ANN. § 216.005.  However, the Church pled no cause of action under Chapter 216, which contains administrative remedies that must be exhausted, including the filing of a verified petition for a writ of certiorari within twenty days after a board decision.  *See* TEX. LOC. GOV'T CODE ANN. § 216.014; *see also Lamar Corp. v. City of Longview*, 270 S.W.3d 609, 613 (Tex. App.— Texarkana 2008, no pet.); *Allen v. City of Baytown*, No. 01-09-00914-CV, 2011 WL 3820963, at *4, *7 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, no pet.) (mem. op.).  Also, in the "summary of the argument" section, the Church argues that the trial court's action is contrary to Article I, Section 17, of the Texas Constitution, which expressly prohibits the State from taking one's property under its sovereign powers without consent or adequate compensation.  *See* TEX.

5

CONST. art. I, § 17. However, the Church never pled any constitutional takings claim. We will not reverse a judgment based on issues not raised by the Church's live pleading.

Next, the Church's entire argument merely states,

> If the immunity law prevents enforcement of Texas constitutional law, [L]ocal [G]overnment [C]ode, and Transportation Code safety, resulting in churches being prevented from having functions on church property, and allowing the destruction of church property without compensation, then the Texas legal system has utterly failed the Church making it necessary to have federal litigation which will be very costly to the church and the city, and could result in punitive damages being increased unnecessarily.

This argument, which mentions neither the plea to the jurisdiction nor the summary judgment, is wholly inadequate.

"The Texas Rules of Appellate Procedure require an appellant to provide 'a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'" *In re A.B.*, 646 S.W.3d 83, 96 (Tex. App.—Texarkana 2022, pet. denied) (quoting *In re J.Y.*, 528 S.W.3d 679, 688 (Tex. App.—Texarkana 2017, no pet.) (quoting TEX. R. APP. P. 38.1(i)). "Bare assertions of error, without argument or authority, waive error." *Id.* (quoting *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.) (citing *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) ("discussing 'long-standing rule' that point may be waived due to inadequate briefing"))); *see Frisco Med. Ctr., L.L.P. v. Chestnut*, 694 S.W.3d 226, 230 (Tex. 2024) (per curiam). "The appellate court has no duty to brief issues for an appellant." *In re A.B.*, 646 S.W.3d at 96 (quoting *In re A.E.*, 580 S.W.3d 211, 219 (Tex. App.—Tyler 2019, pet. denied). Although we "construe briefing

6

requirements reasonably and liberally, . . . a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support [its] contentions." *Id.* (quoting *In re A.E.*, 580 S.W.3d at 219).

Here, the Church's argument contains no citation to law and no citations to the record. It fails to address the reasons why the trial court entered the take-nothing judgment and fails to bring any non-conclusory argument as to why the trial court erred in either granting the plea to the jurisdiction or in entering summary judgment in Appellees' favor. As a result, we overrule the Church's point of error.

## III.     Conclusion

We affirm the trial court's judgment.


Scott E. Stevens
Chief Justice



CONCURRING OPINION

I concur. The trial court granted a plea to the jurisdiction brought by the City of Hawkins, Alvin Flynn, Donna Jordan, Mike Mayberry, Tom Parker, Howard Coquat, Wayne Kirkpatrick, Norman Oglesby, Cody Jorgenson, Stephen Lucas, and Clara Kay. By so ruling, the trial court held that it lacked subject-matter jurisdiction: "A plea to the jurisdiction challenges the existence of subject matter jurisdiction; that is, the court's power to decide the case." *Herrera v. Mata*, 702 S.W.3d 538, 541 (Tex. 2024) (per curiam). As noted, the Church's argument "mentions neither the plea to the

jurisdiction nor the summary judgment." I would focus on the former. We have authority to review trial court determinations that jurisdiction is lacking, but "[w]e go no further than necessary to determine jurisdiction." *Abbott v. Mexican Am. Legis. Caucus, Tex. House of Representatives*, 647 S.W.3d 681, 699 (Tex. 2022). Therefore, I would end it with the Church's failure to mention the plea to the jurisdiction.


Jeff Rambin
Justice

Date Submitted:     May 22, 2025
Date Decided:       June 25, 2025

8